FILED'11 MAR 23 15:37USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELTON R. BERTRAND; ET AL.,

        Plaintiffs,

    v.

SUNTRUST MORTGAGE, INC.,
a Virginia corporation; ET AL.,

        Defendants.

Civil No. 09-857-JO

OPINION AND ORDER

Terrance J. Slominski
SLOMINSKI & ASSOCIATES
Commerce Plaza
7150 S.W. Hampton Street, Suite 201
Tigard, OR 97223

  Attorney for Plaintiffs

Robert D. Newell
Blake J. Robinson
DAVIS WRIGHT TREMAINE, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201-5630

Rochelle L. Stanford
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P. O. Box 17935
San Diego, CA 92177-0935

    Attorneys for Defendants

JONES, Judge:

Plaintiffs Shelton and Rebecca Bertrand bring this action against defendants SunTrust Mortgage, Inc., First American Title Insurance Company, and Federal National Mortgage Association, seeking to void a foreclosure sale of their home in September 2009, and to recover damages for breach of contract.

The case is before the court on defendants' motions for summary judgment (## 27, 33). I initially took the motions under advisement in November 2010, after a "veritable tsunami" of investigation into and litigation over mortgage foreclosure practices broke loose on a national scale. Because of significant controversy in the foreclosure field over the role of Mortgage Electronic Registration Systems, Inc. ("MERS"), and in view of a decision that Judge King had recently issued in Rinegard-Guirma v. Bank of America, et al., CV No. 10-1065-PK, I deferred ruling on the summary judgment motions to permit the parties to submit supplemental briefing to distinguish this case from Rinegard-Guirma. That briefing is complete.

After reviewing the parties' submissions and the developing case law in this court and in other jurisdictions, for the reasons explained below I conclude that summary judgment is appropriate and therefore grant defendants' motions.

FACTUAL BACKGROUND

The following facts are drawn from the parties' concise statements of material facts, which largely are undisputed; any material disputed facts will be discussed in context.

On January 2, 2008, plaintiffs gave a Note to Northwest Mortgage Group, Inc. ("NW Mortgage"), in which they promised to pay NW Mortgage the principal amount of $339,500 plus interest accruing at 6.375% per annum. Plaintiffs' monthly payments were to be $2,118.04. The Note provided that "[t]he Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Declaration of Blake Robinson in Support of Defendants SunTrust Mortgage, Inc., and Federal National Mortgage Association's Motion for Summary Judgment ("Robinson Decl."), Exhibit ("Exh.") 1.[1]

On January 2, 2008, plaintiffs also executed a Deed of Trust. The Deed of Trust lists plaintiffs as borrower, NW Mortgage as lender, Ticor Title ("Ticor") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, acting as NW Mortgage's nominee. The Deed of Trust was recorded on January 8, 2008. Robinson Decl., Exh. 2, p. 1. The Deed of Trust secured the Note. Robinson Decl., Exh. 2, p. 2.

As pertinent, in the Deed of Trust plaintiffs conveyed to Ticor, "in trust, with power of sale," property located at 1941 Buck Street, West Linn, OR 97068. The Deed of Trust also provided: (1) that the lender could accelerate the loan secured by the Deed of Trust if plaintiffs breached any covenant or agreement in the Deed of Trust; (2) that plaintiffs would timely make all payments due under the Note; that MERS "has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security

---

[1] Plaintiffs dispute the quoted language, but the Note speaks for itself.

3 - OPINION AND ORDER

Instrument." Robinson Decl., Exh. 2.[2] The Deed of Trust further provides that if the lender invokes the power of sale, "Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law. . . ." Id.

On January 3, 2008, plaintiff Shelton Bertrand signed a Notice of Assignment, Sale or Transfer of Servicing rights, which stated that effective March 1, 2008, the right to receive plaintiffs' payments on the Note would be transferred from NW Mortgage to defendant SunTrust Mortgage, Inc. ("SunTrust"). Declaration of Kimberly Blankenship in Support of Motion for Summary Judgment ("Blankenship Decl."), Exh. 1.

From July 2008 through the date of the foreclosure sale in September 2009, plaintiffs did not make the monthly payments required by the Note. Blankenship Decl., ¶ 3.

In November 2008, several actions took place. Jackie Ballos, an officer of beneficiary MERS,[3] executed an Assignment of Deed of Trust, which transferred all beneficial interest in the Deed of Trust and Note from MERS to SunTrust. The Assignment was recorded in Clackamas County on November 10, 2008. Robinson Decl., Exh. 3. Ms. Ballos, as a vice president of SunTrust,[4] also executed an Appointment of Successor Trustee, appointing defendant First American Title Insurance Company ("First American") c/o ForeclosureLink as successor trustee to Ticor. The Appointment of Successor Trustee was recorded in Clackamas County on November 10, 2008. Robinson Decl., Exh. 4.

Also on November 10, 2008, ForeclosureLink, as agent for First American, recorded in Clackamas County a Notice of Default and Election to Sell, which ForeclosureLink prepared on

---

[2] Plaintiffs dispute the quoted statement, but again, the language in the Deed of Trust speaks for itself.

[3] Plaintiffs question whether Ms. Ballos was an officer of MERS, but the evidence of record, Ms. Ballos' Declaration, is uncontested and establishes that she was an authorized agent of MERS. Declaration of Jackie Ballos, ¶ 2.

[4] Plaintiffs also question whether Ms. Ballos was authorized to act on behalf of SunTrust, but again, Ms. Ballos' Declaration on this point is uncontested and establishes that she was a vice president of SunTrust when she executed the Appointment of Successor Trustee. Declaration of Jackie Ballos, ¶ 3.

4 - OPINION AND ORDER

November 5, 2008. Affidavit of Marsha Townsend in Support of First American's Motion for Summary Judgment ("Townsend Aff."), ¶ 9. The Notice of Default stated that plaintiffs were in default under the Deed of Trust for failure to pay when due the amount owing on July 1, 2008, and that First American was foreclosing the Deed of Trust. The Notice also stated that under the original Deed of Trust dated January 2, 2008, plaintiffs were the grantor, Ticor was the trustee, and MERS was the beneficiary as nominee for the lender. See Robinson Decl., Exh. 5, Townsend Aff., Exh. D. Two mailing addresses are listed in the Notice of Default, one for "First American Title Insurance Company, C/o ForeclosureLink, Inc., 4401 Hazel Ave., Ste. 225, Fair Oaks, CA 95628," Robinson Decl., Exh. 5, p. 1, and the second for SunTrust, at the same address as First American. The Notice directs inquiries to the latter entity at the same Hazel Ave. address. Robinson Decl., Exh. 5, p. 2.

ForeclosureLink next prepared a Trustee's Notice of Sale and a Notice pursuant to ORS Chapter 86 and on November 24, 2008, mailed the notices to plaintiffs and other parties entitled to receive notice. Townsend Aff., ¶ 5 and Exh. E. On March 6, 2009, an Affidavit of Mailing Notice of Sale, with a Trustee's Notice of Sale and Notice[5] attached, was recorded in Clackamas County. Robinson Decl., Exh. 6, pp. 1-3; Townsend Aff., Exh. E. The Trustee's Notice of Sale lists the same Hazel Ave. address that was included in the Notice of Default, and lists plaintiffs as grantor, Ticor as trustee, and MERS, as nominee for the lender, as beneficiary. Robinson Decl., Exh. 6, p. 2.

On July 24, 2009, plaintiffs' filed their initial complaint in this court, seeking, among other things, to enjoin the sale. They did not pursue any temporary relief to stop the sale, and on September 21, 2009, First American sold the property to SunTrust for $372,336.88. The trustee's deed, dated September 25, 2009, was recorded in Clackamas County on September 29, 2009. Robinson Decl., Exh. 7. On the same date, a statutory warranty deed, which conveyed the

---

[5] The "Notice" warns of the impending foreclosure sale, and states at the top of the page in large print: "YOU[] ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY." Townsend Aff., Exh. E, pp. 7-8.

5 - OPINION AND ORDER

property from SunTrust to Federal National Mortgage Association ("Fannie Mae") was recorded in Clackamas County.

On December 10, 2009, plaintiffs filed their First Amended Complaint, seeking to set aside the sale and to recover damages.

## STANDARDS

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

## DISCUSSION

Defendants move for summary judgment on plaintiffs' claims, contending that the foreclosure sale on September 21, 2009, was valid in both documentation and process.

Plaintiffs oppose summary judgment, challenging the foreclosure sale on two basic premises. Plaintiffs' primary contention is that MERS could neither act as beneficiary under the Deed of Trust nor assign its beneficial interest to SunTrust. Plaintiffs also claim that defendants failed to follow the statutory procedures required for a nonjudicial foreclosure. As explained below, neither of plaintiffs' claims has merit.

1. <u>MERS Properly Served as Beneficiary Under Oregon Law</u>.

Plaintiffs' central premise, that MERS lacked authority to act as beneficiary or assign its beneficial interest to SunTrust is not supported by the facts or the law. The Deed of Trust at issue specifically states:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Agreement.

Robinson Decl., Exh. 2, p. 1. In signing the Deed of Trust, plaintiffs acknowledged that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the Property; and to take an action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Robinson Decl., Exh. 2, p. 2.

Courts in several jurisdictions have held that regardless of whether MERS is an economic beneficiary (one of the issues plaintiffs raise in this case), the above-quoted language grants MERS the power to initiate foreclosure and to assign its beneficial interest under the Deed of Trust. See, e.g., <u>Germon v. BAC Home Loans Servicing, L.P.</u>, 2011 WL 719591 at *2 (S.D.Cal. Feb. 22, 2011) ("Upon review of the language of the Deed of Trust, it is clear that MERS had the legal right to initiate nonjudicial foreclosure and could assign such right"); <u>Santarose v. Aurora Bank FSB</u>, 2010 WL 2232819 at *5 (S.D. Tex. June 2, 2010) ("By the plain language of the Deed of Trust, MERS had the right to foreclose the property."); see also <u>Jones v. Wells Fargo Bank</u>, 2011 WL 683887 at *1 (D.Ariz. Feb. 18, 2011) (same); <u>Vawter v. Quality Loan Service Corporation of Washington</u>, 2010 WL 1629355 at *9 (W.D.Wash. April 22, 2010) (same).

Recently, Judge Hogan of this court recognized that MERS' role as beneficiary under a deed of trust with the authority to assign those beneficial rights "does not necessarily mean that the arrangement violates the Oregon Trust Deed Act such that foreclosure proceedings could not

7 - OPINION AND ORDER

be initiated by MERS or its substitute trustee." Burgett v. Mortgage Electronic Registration Systems, Inc., 2010 WL 4282105 at *2 (D.Or. Oct. 20, 2010). Judge Hogan explained:

> Under ORS 86.705(1), a "'beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)." Plaintiff contends that MERS cannot meet this definition because there is no evidence that the trust deed was made to benefit MERS. However, the trust deed specifically designates MERS as the beneficiary.

Burgett, id. at *2. In Burgett, as in other cases now pending in this court, the problem with the nonjudicial foreclosure proceeding was not MERS' involvement in the foreclosure *per se*; rather, it was the failure of the foreclosing parties to record all necessary assignments as required for a nonjudicial foreclosure under Oregon law. See, e.g., Burgett, id. at *3 ("The problem that defendants run into in this case is an apparent failure to record assignments necessary for the foreclosure"); see also Ekerson v. Mortgage Electronic Registration System, et al., CV No. 110178-HU (Temporary Restraining Order, Feb. 11, 2011)(Brown, J.); Barnett v. BAC Home Loan Servicing, L.P., et al., CV 11-213-ST(Temporary Restraining Order, Feb. 23, 2011)(Brown, J.).

As demonstrated by the evidence of record, in this case all assignments were recorded in due course, and plaintiffs do not contend otherwise. Consequently, to the extent plaintiffs challenge the foreclosure sale on the basis of MERS' involvement, plaintiffs' claims are without merit.

8 - OPINION AND ORDER

2.     Defendants' Compliance with Statutory Procedures.

Plaintiffs next assert that the Notice of Default and Notice of Sale failed to comply with the requirements of the Trust Deed Act and were inadequate to permit the nonjudicial foreclosure. Specifically, plaintiffs challenge the foreclosure documents on this basis:

> Defendant, by its own admission, stated that "Notice of Default and Election to Sell and Trustee's Notice of Sale specified ForeclosureLink, Inc." . . . Although Defendant contends that ForeclosureLink is an agent, the notice goes on to state that inquiries are to be directed [t]o SunTrust c/o ForeclosureLink, 4401 Hazel Ave, Ste 225, Fair Oaks, CA 95628. . . Simply put, the trustee's address, which is required to be there and be set forth, was not given by Defendant First American Title; thus, the Notice of Default and Notice of Sale fail to comply with [] ORS 86.735 and 86.745 and are inadequate.

Plaintiffs' Response to First American's Motion, p. 6; Plaintiffs' Memorandum in Support of Response to SunTrust's Motion, p. 6.

ORS 86.745, which contains the requirements on which plaintiffs rely, provides that the "notice of sale shall set forth: (1) The names of the grantor, trustee and beneficiary in the trust deed, and the mailing address of the trustee." ORS 86.735, on which plaintiffs also rely, provides in relevant part:

> The trustee may foreclose a trust deed by advertisement and sale . . . if:
>
>     (3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required to ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation. . . .

ORS 86.735(3).

Plaintiffs do not dispute that they were in default on their payments. Nor do they challenge the trustee's or the beneficiary's actions in other respects under the Trust Deed Act. Instead, they focus entirely on the alleged deficiency in the mailing address of the trustee in both the notice of default and the notice of sale.

The Notice of Default and Election to Sell states that both the beneficiary (SunTrust) and the trustee (First American) have elected to foreclose the Trust Deed. Robinson Decl., Exh. 5, p. 2. The address of both entities, c/o ForeclosureLink, Inc., 4401 Hazel Ave., Ste 225, Fair

9 - OPINION AND ORDER

Oaks, CA 95628, is set forth in the Notice of Default. Similarly, the Trustee's Notice of Sale states that both the beneficiary (SunTrust) and the trustee (First American) have elected to sell the real property. Robinson Decl., Exh. 6, p. 2. Again, the address of both entities, c/o ForeclosureLink, Inc., 4401 Hazel Ave., Ste 225, Fair Oaks, CA 95628, is set forth in the Notice of Sale. ForeclosureLink, Inc.'s, address, again the Hazel Ave. location, also is set forth in the Affidavit of Mailing Notice of Sale. All documents were duly recorded.

Plaintiffs evidently object to SunTrust's and First American's use of an agent and the agent's address, but nothing in the Trust Deed Act prohibits use of an agent. And while plaintiffs may be correct that the Trust Deed Act "'represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property,'"[6] nothing in the documentation of this loan and the subsequent foreclosure violates the letter or spirit of that statutory scheme.

I conclude that the documents in question adequately set forth the names of the grantor, trustee, and beneficiary, as well as the mailing address of the trustee, as required by the Trust Deed Act, and that the documents therefore complied with the Act. Consequently, plaintiffs' claim that the foreclosure sale should be invalidated due to inadequate documentation is without merit.

## CONCLUSION

Defendants' motions for summary judgment (## 27, 33) are GRANTED. Any other pending motions are denied as moot and this action is dismissed with prejudice.

DATED this 23rd day of March, 2011.

ROBERT E. JONES
U.S. District Judge

---

[6] Plaintiffs' Memorandum in Support of Response, p. 5 and Plaintiffs' Response to First American's Motion, p. 5 (both quoting Staffordshire v. Cal-Western Reconveyance, 149 P.3d 150, 157, 209 Or. App. 528 ( Or. 2006)).

10 - OPINION AND ORDER